G., H. & S. A. R'y Co. v. J. H. SEYMOUR.

(Case No. 2014.)

1. MEASURE OF DAMAGES.— The measure of damage from an overflow of cultivated land, caused by ditches cut by another, is not such damage as would result if the evil complained of were permanent, but such as have already resulted to growing crops and the like when the suit is brought. The cause of the injury may or may not continue; the injured party may enjoin the continuance of the causes which produce the injury, or he may sue from time to time as damages result from the wrongful act.

APPEAL from Colorado.  Tried below before the Hon. Everett Lewis.

J. E. Seymour sued the appellant for $10,000 damages, alleging that he was the owner of a valuable plantation near Columbus containing some seven hundred acres of land; that the railroad com-

pany, in the fall of 1882 and the winter and spring following, dug ditches and made embankments, and thereby turned the waters from a large scope of country from their natural courses and channels upon his plantation, overflowing and injuring one hundred acres of his lands; that the ditches were dug without his consent, and against his protest; that he had called the attention of the railroad company to the matter, but it had refused to remedy the evil; that the land was completely covered by the waters, and that his plantation was thereby cut into two parts, access from one part thereof to the other was prevented, and that the injury to his land was permanent.

Answer by general denial.

Verdict for $3,500 against the company.

*E. P. Hill*, for appellant.

*Foard & Thompson*, for appellee, cited: Sections 866, 869, Wood's Law of Nuisances, and the cases cited in notes; Sedgwick on Damages, ch. 5, pp. 149, 153 (6th ed.); Houser *v.* Hammon, 39 Barb. (N. Y.), 89; Munroe *v.* Stickney, 48 Me., 462; Miller *v.* Lambach, 49 Penn., 154.

STAYTON, ASSOCIATE JUSTICE.— This case in its facts, in so far as they relate to the cause of the injury complained of, and to the character of the injury received, in no material matter differs from the case of the appellant against Tait, decided at the present term.

It is, however, alleged that the injury received is permanent, and such is the statement of a witness for the appellee; but the injury shown consisted in a temporary overflowing of a portion of the appellee's land, by which he was compelled to replant a part of his crop, and, as it was late in the season, to plant a part of the overflowed land in cotton.

About one hundred acres of land in cultivation seems to have been overflowed, but all of it, except about one acre and a half, seems to have been cultivated the same year. The crop raised on the land in the year in which the land was overflowed seems not to have been good; but whether this resulted from the fact that the crop was later than it would have been, had not the appellee been compelled to replant or to delay planting on account of the overflow, or whether it resulted from any permanent injury to the land, does not appear.

It also appeared that the overflowed land separated the greater part of the appellee's land in cultivation, from his residence, which

rendered it inconvenient to pass from the one to the other until the overflow passed off and the land became dry.

The evidence did not show the amount of damages which the appellee would be entitled to receive for the injury shown, otherwise than that may have been done by the general statement that the entire tract of land before the overflow was worth $40 per acre and that afterwards it was not worth more than $25 per acre.

This evidence is based upon the idea that the causes which produced the injury are to continue in the future — that the land of the appellee has been taken.

This is not the case made by the evidence, which did not furnish the jury a sufficient basis for estimating the damages to which the appellee would be entitled.

The charge of the court was as follows:

"And the jury should estimate said actual damages by considering what the land so damaged was worth before the water was so diverted and changed in its natural flow, and what it is depreciated in value by the overflow of the water upon it, and find for plaintiff the damage so ascertained to have resulted by said overflow."

Such a charge, in a case like this, was considered in the case of Gulf, Colorado & Santa Fe R'y Co. v. Helsley, 5 Tex. Law Rev., 35, and again at the present term in the case of the appellant v. Tait, and was held to be erroneous. Such is the measure of damages when land is taken or a change in the land itself, not temporary in its character, is made by the injurious act complained of.

Neither of these are shown by the evidence. The cause of injury may or may not continue; and if not, it is evident that the appellee ought not to recover damages for injury done to his entire tract of land, which he would be entitled to recover if the overflowed land was taken from him or rendered permanently worthless.

He shows a good cause of action, and will be entitled to recover such damages as flow from the injurious acts complained of.

To do this, however, he must make proof applicable to his case. He may enjoin the continuance of the causes which operate to his injury, unless the appellant in some legal manner acquires the right to continue them. He may bring actions from time to time, if the causes continue and damages result, and recover such damages as he may be entitled to as often as the injuries occur.

For the error in the charge of the court the judgment is reversed and the cause remanded.

                                    REVERSED AND REMANDED.

[Opinion delivered February 17, 1885.]