No. 5671.

FORT WORTH & DENVER CITY RAILWAY COMPANY *v.* J. Y. HOGSETT.

1. MEASURE OF DAMAGES—EVIDENCE.—In a suit to recover damages for the negligent destruction of property by the defendant, the measure of damages is the highest market value of property at the time of its destruction, and it is competent to prove its value at that time for any use to which it might have been applied.

2. ASSIGNMENT OF ERROR.—An assignment of error to the admission of evidence must rest in the Supreme Court upon the same objection taken to the evidence before the trial court.

3. EVIDENCE.—Evidence of the market value of an article is not objectionable because it is in some measure the opinion of a witness.

4. PRACTICE—EVIDENCE.—That the answer to a question, proper in itself, is shown to be an opinion of a witness not an expert as to the matter inquired about, is no ground for ruling out the question before it is answered. The proper practice is to move the exclusion of the answer if its objectionable character is not developed until a cross examination.

5. MEASURE OF DAMAGES.—In a suit for damages caused by permanent injury to the land of another, the true measure of damages is the difference between the market value of the land immediately before the act complained of and its value immediately afterward.

6. NEGLIGENCE.—A railway company is liable in damages for injury to the property of another caused by sparks of fire escaping from its engines through its negligence; or which sparks of fire ignite the grass left on the right of way of the road, and thus burn up adjoining property. It is negligence in a railway to leave grass and other combustible material liable to be ignited by sparks from an engine on its right of way.

7. CASES APPROVED.—Troxler v. Railway Company, 74 North Carolina, 377; Railroad Company v. Chase, 11 Kansas, 47, and Flynn v. Railroad Company, 40 California, 14, approved.

APPEAL from Wise.    Tried below before the Hon. F. E. Piner.

*J. M. O'Neil*, for appellant, on his proposition that the court committed error in permitting the evidence of witness Short, cited Houston & Texas Central Railway Company v. Knapp, 51 Texas, 592; Texas & Pacific Railway Company v. Bayliss, 62 Texas, 570; Texas & St. Louis Railway Company v. Young, 60 Texas, 201; Sabine & East Texas Railway Company v. Joachimi, 58 Texas, 556; 63 Texas, 82; 42 American Decisions, and note 38; 71 New York, 133; 3 Barbour, 427, 11 Barbour, 372; Pierce on Railroads, 446; 1 Greenleaf on Evidence, 440.

That the court committed error in the eighth subdivision of the charge, referred to in fifteenth assignment of error (as set forth in the opinion), he cited Ludwig v. Sager, 84 Illinois, 99; 85 Illinois, 612; 81 Illinois, 478; 33 Michigan, 143; Sackett's Instructions to Juries, sections 6, 8, 11, 12, pages 14, 16.

*Hogsett & Greene*, for appellee.

WILLIE, CHIEF JUSTICE.    Hogsett brought this suit against the appellant to recover damages for the burning of the grass upon a tract of land belonging to him, and for permanently injuring the land upon which the grass was growing, all of which was alleged to have been caused by the negligence of appellant in operating its engines and keeping them in repair, and in allowing grass and weeds, and other combustible matter, to remain upon their right of way through appellee's land.    The appellant pleaded a general denial, and Hogsett, before a jury, recovered a verdict for one thousand two hundred dollars. Judgment having been rendered against the appellant for that amount, it has taken an appeal therefrom to this court.

In proof of the market value of the grass, plaintiff below introduced as a witness, George W. Short, who was asked as to its market value for pasturage and hay purposes.    To this question the defendant objected, because it restricted the witness to special purposes in his statement of the market value.    It is difficult to conceive for what other purposes the grass could have had any market value.    But if there were purposes to which it could be

applied which gave it a higher market value, the defendant can not complain that the witness was not asked as to these, for it was to its advantage that the highest market value should not be proved, and if there were purposes to which it could be applied for which it was less valuable, the question was proper, for the plaintiff was entitled to the highest market value of his property destroyed by the negligence of the appellant.

This objection is abandoned in this court, and it is insisted that the answer was improper because a cross examination of the witness developed the fact that he was merely giving his opinion as to the value of the grass. But an assignment of error to the admission of evidence must, in this court, rest upon the same objection taken to it below. (Sharp v. Schmidt, 62 Texas, 263.) Moreover, it has been held that evidence as to market value is not objectionable because it is in a measure the opinion of a witness. (Railway Company v. Knapp, 51 Texas, 592.) That the answer to the question is shown to be an opinion is no ground for ruling out the question before it is answered. If the illegality of the answer is not developed until cross examination, the proper practice is to have it excluded from the jury.

The appellee was sworn as a witness in his own behalf, and, among other things was asked to state how much less the land was worth immediately after the fire than if was before, and to state upon what he based his estimate. This question was objected to because it called for an improper measure of damages. The objection was overruled, and the witness proceeded to answer, giving facts upon which he based his calculation as to the amount of damages incurred by him. The bill of exceptions recites that the defendant excepted to the answer, making objections several times as the witness proceeded with his answer.

The petition claimed damages, not only for the destruction of the grass growing upon the land, but for permanent injuries to the land itself, caused by the destruction of the sod and roots of the grass, and diminishing the capacity of the land to produce crops of grass, to which it was best adapted, for future years. These allegations were sustained by evidence. That the true measure of damages, in case of permanent injury to the soil, is the difference in the value of the land immediately before the injury and its value immediately after, is well settled in this court. (Gulf, Colorado & Santa Fe Railway Company v. Helsley, 62 Texas, 593; Galveston, Harrisburg & San Antonio Railway Company v. Seymour, 63 Texas, 347.)

The bill of exceptions does not inform us what objection was made to the evidence whilst it was being detailed by the witness; but the presumption is that the same objection taken to the question was taken to the answer. Having held this objection untenable, it will not be necessary to go into an examination of the testimony given by the witness.

The charge of the court complained of in the twelfth assignment of error is as follows: "Railroad companies have the legal right to run steam engines on their roads, but they have no right to scatter sparks along their track in such manner as to cause unnecessary danger to adjoining property along their line of road; and should they do so, and the property of others is thereby injured or destroyed, the company so doing would be guilty of negligence and liable to the owner of such injured or destroyed property for whatever loss or injury by fire results from said acts; and said railroad employes are bound to employ due care and skill for the prevention of mischief to the property of others from the emission of sparks of fire from their passing engines."

This charge is in accordance with the law as laid down in Railroad Company v. Timmerman, 61 Texas, 661, when taken in connection with the entire instructions upon this particular subject. The subsequent division of the charge allowed the company to escape damages if they could show that the sparks did not escape through its negligence, or if they used good and sufficient machinery and appliances to prevent the escape of fire from their engine. It did not assume that fire had escaped from the engine upon this particular occasion, but in effect placed that matter hypothetically before the jury.

The fourteenth assignment of error complains of the seventh subdivision of the charge because it instructs the jury, in effect, that if the company left any grass, or weeds, or other combustibles on its track, that of itself was negligence. This is precisely the rule as laid down by the most eminent text writers, and gathered from the great weight of authority. (1 Thompson on Negligence, 162; Cooley on Torts, 592; Troxler v. Railway Company, 74 North Carolina, 377; Railroad Company v. Chase, 11 Kansas, 47; Flynn v. Railroad Company, 40 California, 14.)

The court, however, in this case required that the combustibles negligently left lying along the track should have taken fire from the engine and then communicated the flame to the appellee's grass before the appellant could be made liable. It did not subject it to damages for keeping combustible matter upon the track

if that matter had nothing to do with communicating the fire to the property of the appellee. As thus qualified we think the charge was in line with the weight of authority, and the court properly gave it to the jury.

The fifteenth assignment objects to the eighth subdivision of the charge, which is as follows: "If you find and believe from the evidence that defendant company during the month of September, 1883, or at any time within two years next before the fifth day of March, 1885, by its agents, servants or employes, while engaged in operating its engines and cars along its right of way, so negligently and carelessly managed and operated their engine as to set fire to plaintiff's said grass on his land, * * * * * then the defendant company would be liable for whatever damages, if any, plaintiff may have suffered thereby, not to exceed the amount claimed by him in his said petition."

The objection raised to this charge is that the court thereby instructed the jury to find for the plaintiff if defendant in operating its engines and cars had set fire to his grass; but it is clear that the language used is susceptible of no such construction.

The management and operating of the engine and cars were by the charge required to have been negligent, and the burning was required to have been the result of that negligence before a recovery could be had; and this is law too well established to demand discussion.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered April 29, 1887.