ST. LOUIS, ARK. & TEX. R'Y CO. v. J. J. PICKENS.

(No. 2991.)

APPEAL from Hopkins County. Opinion by WHITE, P. J.

PERKINS, GILBERT & PERKINS and LEACH & TEMPLETON, counsel for appellant.

No counsel appeared for appellee.

§ 398. *Measure of damage for stock killed by railroad; evidence as to value; evidence held insufficient to support verdict.* Appellee recovered judgment against appellant for $165 damages for killing one cow alleged to be worth $20, and one Ayrshire calf alleged to be worth $175. As to the value of the calf, appellee in his own behalf testified that it was worth $150 or $175, but that he knew of no market in the county for such calves. The calf was not a full-blooded Ayrshire, but was part Durham. Gilbert, a witness for appellant, who qualified himself as an expert as to the value of fine-blooded cattle, testified that Durhams, Jerseys, Holsteins and Herefords were higher priced than Ayrshires, and that full-blooded Jersey calves four or five months old were worth from $50 to $150, whilst a mixed blood, such as the calf in question, was worth much less. *Held*, the value of the calf was not sufficiently proved, and the verdict is excessive. Article 4245, Revised Statutes, declares that a railroad company shall be liable to the owner for *the value* of all stock killed or injured by the locomotives and cars of the company. *The value* is the fixed measure of damage; and this value, as a general rule, is to be ascertained by testimony of the price at which such animals are bought and sold. If there is a market for such animals the market price is the measure of value. If there is no market at the place, evidence may be admitted of the price at the nearest market. The value of the animal to the owner is not the proper rule to determine value by.

Where there is no market for an article, other means may be resorted to for the purpose of fixing the value. The intrinsic qualities of the thing, its uses, and any facts which would naturally affect the mind of parties buying or selling in determining the price to be given or asked, are relevant to the question of value. [1 App. C. C. §§ 147, 1174; R'y Co. v. Hogsett, 67 Tex. 685; Abbott's Trial Ev. 307.]

November 21, 1888.  Reversed and remanded.