### T. J. GOREE ET AL. V. WILLIAM NEAL RAMEY ET AL.

#### No. 3118.

**1. Official Bond—Statutes Construed.**—Under articles 3559 and 3522, Revised Statutes, a bond could be exacted by the Penitentiary Board of an Assistant Superintendent of the Penitentiary, conditioned that he faithfully discharge the duties of his office and keep a faithful and correct account of all moneys received by him, from whatever source, for the State, the Financial Agent of the Penitentiary, or any convict, and pay over the same when due, etc.

**2. Assistant Superintendent of Penitentiary, Office of.**—Such superintendent appointed after the Act of the Legislature, April 18, 1883, authorizing the board to exact bonds of subordinate officers of the penitentiary, takes the office subject to said law, and his bond as such officer was a legal bond.

**3. Money of Convicts.**—Suit upon the bond of an Assistant Superintendent of the Penitentiary can be maintained for money belonging to convicts received by the officer and not paid over.

APPEAL from Cherokee. Tried below before Hon. James I. Perkins. The opinion states the case.

*Whitaker & Bonner, S. P. Wilson,* and *F. P. Guinn,* for appellants.

1. The Penitentiary Board may, when in their judgment the public interest will be promoted thereby, require any of the subordinate officers of the penitentiary to give bond in such amount and with such conditions as may be prescribed by the board (Rev. Stats., art. 3255), and thereby may require a bond of the assistant superintendent, who accepts his position by appointment of the Governor subject to the provisions of this statute.

2. Article 3559 provides that "if money be found on the person of a convict or received by him at any time, it shall be taken charge of by the assistant superintendent and placed to the convict's credit, and expended by him for the convict's benefit on his written order, and under such restrictions as may be prescribed by the rules." The condition of the bond is among other things "that the said Ramey keep a faithful and correct account of all moneys received by him, from whatever source, for the State, the financial agent, or any State convict, and shall pay over the same when due, and to whom due, or as may be required by the law, the rules, or by Superintendent or Financial Agent of Penitentiaries, and shall render a correct and faithful account of all such receipts and expenditures of State money to the said financial agent, and of convict money to the said Superintendent of Penitentiaries when required to do so," etc. Brown v. Sneed, 77 Texas, 471.

*McClure & Gibson,* for appellees.— 1. The office of Assistant Superintendent of Penitentiaries is one created by statute, and the Governor shall appoint him by and with advice and consent of the Senate. There was no provision for any other act or requirement except the oath of office to exercise the functions of the office at the time Ramey was appointed, which was January, 1887. Rev. Stats., art. 3530.

2. An office is a vested right, and the Governor nor the Legislature has any right to impair it. Collins v. Tracy, 36 Texas, 546; Keenan v. Perry, 24 Texas, 253; Ex Parte Keenan, 13 Peters, 256; Johnson v. Erskine, 9 Texas, 1, but see 8–10; 5 Texas, 363.

3. The bond was neither a statutory nor common law bond. There was no statute requiring it, and for it to be a common law bond it must in addition to its being voluntary be for a valuable consideration and not exacted *colore officii.* Leona I. M. & C. Co. v. Roberts, 62 Texas, 615; Wooters v. Smith, 56 Texas, 198.

4. The only color of authority by which the Penitentiary Board exacted the bond sued on was in article 3522, Revised Statutes, which we submit was conferring upon the board authority which was legislative in its character and could not apply to a then incumbent. It was not a prerequisite to his exercising the functions of the office of assistant superintendent, neither had they the right to remove him should he refuse to give it.

HENRY, ASSOCIATE JUSTICE.—The plaintiffs' petition charges that
Wm. Neal Ramey was on the —— day of January, 1887, appointed Assistant
Superintendent of the Texas State Penitentiary at Rusk; that on the 24th
day of July, 1888, the Penitentiary Board made an order requiring of him
a bond as such officer, conditioned, among other things, that he would
faithfully discharge the duties of his office and keep a faithful and cor-
rect account of all moneys received by him, from whatever source, for
the State, the Financial Agent of the Penitentiary, or any State convict,
and pay over the same when due, and to whom due, or as might be re-
quired by the law, the rules, or by the Superintendent or Financial Agent
of the penitentiaries, and render a faithful and correct account of all such
receipts and expenditures of money to the said financial agent, and of
convict money to said Superintendent of Penitentiaries when requested
to do so; that the said Ramey, with the other defendants as his sureties,
did on the 12th day of September, 1888, execute a bond containing said
conditions, which was on the 10th day of December, 1888, presented to
and approved by the Penitentiary Board; that at the execution and ap-
proval of said bond said Ramey as such officer had received from the
State convicts large sums of money which he then held in his hands, and
that he subsequently, at various times, up to the 14th day of January,
1889, in the performance of his duties as such officer, received from the
State convicts other large sums of money; that the aggregate amount so
received and held by the said Ramey was $3390.87; that afterwards the
said Ramey resigned his said office, and has failed and refused to account
to said Superintendent of Penitentiaries for $1913.20 of said sum.

The bond was made payable to "Thos. J. Goree, Superintendent of
the Texas State Penitentiaries, and William G. Parish, Financial Agent
of said penitentiaries, and their successors in office."

This suit was brought in the names of said Goree and Parish for the
use of the State of Texas. The suit was dismissed as to Ramey because
he was not served with process. The other defendants appeared and
pleaded.

The court sustained exceptions to the petition in the following language,
as shown by its judgment: "As to all that part of said second plea in
abatement which does call in question the power of said board to exact
said bond, the law is for the defendants; that in so far as the general ex-
ception calls in question the power of the Legislature to confer upon the
Penitentiary Board the power to require bond, fix its amount, and prescribe
its conditions, of the Assistant Superintendent of Penitentiaries, and the
attempt of the Penitentiary Board to exercise such authority and to make
it operative upon the then incumbent of the office of assistant superin-
tendent, and no further, the law is for the defendants."

By the Act of March the 18th, 1881 (article 3551, Revised Statutes),
it was provided that "if money be found on the person of a convict, or

be received by him at any time, it shall be taken charge of by the assistant superintendent and placed to the convict's credit, and expended by him for the convict's benefit on his written order and under such restrictions as may be prescribed by the rules."

The Act of 18th April (article 3522, Revised Statutes), contains the following provision: "The Superintendent of Penitentiaries, before entering upon the duties of his office, shall execute a bond for $20,000; * * * and the Penitentiary Board may, when in their judgment the public interest will be promoted thereby, require any of the subordinate officers of the penitentiary to give bond in such amount and with such conditions as may be prescribed by the board; provided, that the Superintendent of Penitentiaries in office when this act shall take effect shall have sixty days after said date in which to give bond as required by this section."

The attorneys for appellees in support of the judgment submit in their brief the following propositions.

"1. The office of Assistant Superintendent of Penitentiaries is one created by statute, and the Governor shall appoint him by and with the advice and consent of the Senate. There was no provision for any other act or requirement except the oath of office to exercise the functions of the office at the time Ramey was appointed.

"2. An office is a vested right, and neither the Governor nor Legislature has any right to impair it.

"3. The bond was neither a statutory nor a common law bond. There was no statute requiring it, and for it to be a common law bond it must, in addition to its being voluntary, be for a valuable consideration and not exacted *colore officii.*

"4. The only color of authority by which the Penitentiary Board exacted the bond sued on was in article 3522, Revised Statutes, which we submit was conferring upon the board authority which was legislative in its character and could not apply to a then incumbent. It was not a prerequisite to his exercising the functions of the office of assistant superintendent, neither had they the right to remove him should he refuse to give it."

We can not consent to the proposition that the act of the 18th of April, 1883, conferred upon the Penitentiary Board authority beyond the power of the Legislature to grant, and as Ramey was not then in office nor appointed until long after the act went into effect, the objection that it could not apply "to a then incumbent" can not have any application to this case.

If the execution of a bond had not been made a prerequisite to his right to take and hold the office at the time of his appointment, still he was appointed to and accepted the office, subject to the provisions of a law then in force giving to the Penitentiary Board the right at any time to demand of him the execution of such a bond.

The fact that the law did not confer upon the "board" the power to remove him from office if he disregarded its requirement to give the bond can not be held to destroy the expressly given power to demand a bond. The requirement for him to execute a bond being lawful, there can be no doubt about his being subject to removal from office by the Governor for his failure to execute one.

The right of Ramey to hold the office was subordinate to the law conferring upon the Penitentiary Board the power to require a bond from him, and in no sense superior to it.

As the bond was authorized by a statute, and does not appear to have been made in disregard of it or any of the requirements of the Penitentiary Board, we can find no ground for disregarding it as a statutory bond, and it does not become necessary for us to consider its validity as a common law obligation.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered October 14, 1890.