### HOUSTON & T. C. R. CO. v. ELLIS et al.

(Court of Civil Appeals of Texas. Austin.
June 11, 1913. Rehearing Denied
Oct. 22, 1913.)

1. RAILROADS (§ 485*)—FIRES—ACTIONS—INSTRUCTION.

In an action for damages for fire ignited by at railroad company, an instruction that the measure of damages would be the value of the grass which was destroyed and the difference in the value of the land for pasture purposes before and after the grass was burned is not misleading, as the jury must have understood it to mean that, for the injury to the turf, the plaintiffs would be entitled to recover the difference between the value of the land for pasture purposes immediately before and after the fire.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

2. RAILROADS (§ 483*)—FIRES—DAMAGES.

Where plaintiffs' land was negligently fired by a railroad company and the grass was burned off, plaintiffs may recover damages for the difference between the value of the land before and after the fire for pasture purposes; it appearing that the land had been so used before the fire.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1737–1739; Dec. Dig. § 483.*]

3. EVIDENCE (§ 543½*)—OPINION EVIDENCE—EXPERT TESTIMONY.

In an action against a railroad company for damages for negligently firing plaintiffs' grass lands which were used for pasture purposes, witnesses engaged in the stock business, and familiar with the pasture land involved, may testify as to the damage caused by the burning of the turf.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2359; Dec. Dig. § 543½.*]

Appeal from District Court, Waller County; Wells Thompson, Judge.

Action by W. E. Ellis and others against the Houston & Texas Central Railroad Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and W. B. Garrett, of Austin, for appellant. J. V. Meek, of Houston, and R. E. Hannay, of Hempstead, for appellees.

KEY, C. J. This is a suit for damages caused by fire which escaped from an engine while operating a train. There was a verdict and judgment for the plaintiffs, and the defendant has appealed. The plaintiffs sought to recover the value of the grass that was burned, and for injury to the turf, which thereby diminished the value of the land for pasturing stock; that being the purpose for which the plaintiffs used their land. There were 617 acres of grass burned, and the jury fixed the value thereof at $2.50 per acre, and the injury to the turf at 50 cents an acre, making the total of damages

$1,851. The findings referred to are sustained by testimony and adopted by this court.

[1, 2] All of the assignments presented in appellant's brief have been duly considered, and our conclusion is that none of them show reversible error, and only two questions will be discussed in this opinion. The plaintiffs alleged and proved that they were devoting the land upon which the grass was burned to pasture purposes, and the court instructed the jury that the measure of damages would be the value of the grass which was destroyed and the difference in the value of the land for pasture purposes before and after the grass was burned. We do not think the jury were misled by the charge, and believe they must have understood it to mean that, so far as injury to the grass roots or turf, the plaintiffs would be entitled to recover the difference between the value of the land, without the grass, for pasture purposes immediately before and after the fire. In discussing the measure of damages in this class of cases, our Supreme Court, in Railway v. Wallace, 74 Tex. 581, 12 S. W. 227, said:

"The court instructed the jury that, in estimating the damages to which plaintiff might be entitled, they would look to the market value of the grass destroyed at the time and place where it was, and that they might consider the market value for pasturage or hay purposes; there being much evidence as to the value for either purpose.

"It is urged that it was error so to charge, and the ground of the objection we understand to have been that there was no averment as to the particular manner in which plaintiff desired to use the grass. Such an averment was not necessary. The grass belonged to the plaintiff, and, if entitled to recover at all, she was entitled to the market value of the grass as it stood" for any legitimate use to which she could put it. Many witnesses had testified to its value if to be used for pasture, as had many if it was to be used to make hay; but they all had reference to the value of the grass as it stood at the time it was destroyed.

"It was urged that the court erred in the following paragraph of its charge:

" 'If you should think that the defendant is liable to plaintiff for the burning of her grass under the foregoing instructions, and should also believe that the turf or sod of said grass was injured by the burning of said grass, you should find for the plaintiff also the amount of damages or injury done by injury of said sod or turf, and, in estimating this damage, you should be governed by the difference of the value in plaintiff's land immediately before and immediately after the injury, if any, done to such turf or sod.'

"The proposition under the assignment which raises this objection was that 'there

being no allegation in the petition to admit proof of injury to the land. * * *' The substance of the allegation was that there was a good turf, well and thickly set; that the fire parched the turf roots and sod of the grass on the land so as to greatly injure and damage the same; that on account of the injury to the turf it will be three or four years before the turf will become as productive as it was before the fire; that by reason of burning the turf the plaintiff has been damaged $375.

"We understand the averments of the petition, in effect, to be that the mass of roots to the native grass growing on the land without sowing or cultivation which with the surface earth with which commingled constitutes the turf, sward, or sod, were so injured by the fire as to make the land less productive of grass than it otherwise would have been in the future.

"The averment was one, in effect, that the land was injured, and the charge as correctly informed the jury what the true measure of damages was as would a charge directing the jury to assess the damages at such a sum as would compensate plaintiff for such injuries as resulted from the burning of the turf or sod. The turf or sod was a part of the land, and an injury to it was an injury to the land, which could be as well measured by the differences in the value of the land before the burning and afterwards as by an inquiry as to the sum which would compensate the plaintiff for any injury to the turf or sod.

"The measure is the same, whether expressed in one way or the other. Such an injury is one in its nature permanent, though it may not be perpetual, and differs from an injury to a growing crop which does not result in any injury to the land. * * * It seems to be urged that the destruction or injury of the turf would have rendered it less difficult to have placed the land in cultivation than it would otherwise have been; that for that reason the owner was not injured at all. It is not the right of one through whose wrongful act an injury has been done to the land of another to have the measure of damages fixed by the effect the injurious act may have on the land if used for some purpose other than that to which it was applied or desired to be applied by its owner; but it is the right of the owner to have his damages measured by the extent of the injury to the land used for any lawful purpose to which he had appropriated it, desired to appropriate it, or to which it is adapted. Railway v. Hogsett, 67 Tex. 687 [4 S. W. 365]. It does not rest with the wrongdoer to say to the owner, Use your land for a purpose for which you do not desire to use it, and it will be as valuable to you for that use as it was before for another."

In the case at bar the trial court correctly applied the rule announced in the Wallace Case.

[3] William Quinn, a witness for the plaintiffs, testified that he had been in the stock business all of his life, was familiar with the pasture and land involved in this case, that he knew what effect burning the pasture has upon the roots of grass, when the ground is dry, and the burning occurs in October and December, and that such effect would be very injurious, for the reason that it would cause the roots to be more or less exposed through the winter, and would thereby diminish the amount of grass coming on in the following spring, and gave it as his opinion that the result of such fires would cause a difference in the value of the land for pasture purposes of 50 cents per acre before and after the fire. He said it would make that much difference in the rental value of the land for pasture purposes. Two other witnesses were permitted to give similar testimony, to all of which appellant reserved exceptions; the objection being that the question called for the conclusion of the witness, and was not the proper basis for the correct measure of damages to the land. The testimony here complained of was substantially the same as that held to be admissible in Railway Co. v. Hall, 78 Tex. 176, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42, and therefore we overrule the assignments asking a reversal on account of the admission of that testimony.

Judgment affirmed.