## BRASHEAR v. MARTIN–WILDER CO. et al.

### No. 3474.

Court of Civil Appeals of Texas. El Paso.

Feb. 11, 1937.

and premises have been and thereby are rendered undesirable and permanently damaged in their market value, and stated the value of the damage to lands sustained. Plaintiff prays for judgment against defendant for the damages stated. Before submitting the case to the jury, the court dismissed plaintiff's cause of action as to defendants W. D. Haden Company and W. D. Haden, and as to them we have not stated plaintiff's issues pleaded, and no issue as to them is properly before us.

Defendant Martin-Wilder Company answered by general demurrer and general denial.

On special issues submitted, the jury found as to Martin-Wilder Company that in the operation of the mill noises were made that could be heard upon the property of the plaintiff; that such noises were of such nature as would be uncomfortable or annoying to persons of ordinary sensibility as to sound; that by reason of the noises inquired about in the foregoing issues none of plaintiff's property (describing it as in the petition) was caused to be depreciated in its reasonable fair cash market value just after the operation of the mill began, from what it had been just prior to such operation. The court defined the term "reasonable fair cash market value" as used in the charge, as applied to real estate, "is meant what the real estate would sell for in cash on the market within a reasonable time, being sold by one who did not have to sell, to one who did not have to buy."

Upon the verdict as returned, the court rendered judgment that plaintiff take nothing by its suit against defendant Martin-Wilder Company.

The court overruled plaintiff's motion for a new trial, and plaintiff prosecutes this appeal by writ of error.

Gavin Ulmer and S. H. Brashear, both of Houston, for plaintiff in error.

McDonald & Wayman, of Galveston, and W. P. Hamblen, of Houston, for defendants in error.

WALTHALL, Justice.

S. H. Brashear, as plaintiff, brought this suit against the Martin-Wilder Company, a corporation, W. D. Haden Company, a corporation, and W. D. Haden, as defendants, to recover damages caused to his, plaintiff's, property, consisting of real estate, and fully described in the petition, and situated in the city of Houston, Harris county, Tex., and on a portion of which property is plaintiff's home, consisting of a residence house and well improved residential surroundings.

The issues tendered by plaintiff are to the effect that in September, 1930, the W. D. Haden Company leased to, and built thereon for the use of the Martin-Wilder Company, certain buildings upon a tract of land within a short distance of plaintiff's lands, and upon which defendant Martin-Wilder Company caused to be installed certain heavy and noisy machinery and appliances for the purpose of sawing and working lumber and manufacturing lumber products, and in September, 1930, began operations with said machinery in the sawing and working of lumber and manufacturing of lumber products, and continuing such operations all the time, every day and until late at night, and until the filing of this action; that at all times loud, disagreeable, and annoying noises to persons of ordinary sensibility to sound have been and will continue to be made on plaintiff's said lands; that by reason of the facts stated, plaintiff alleges that his said lands

## Opinion.

Plaintiff in error submits that the jury having found under the first two issues that in the operation of the mill noises were made that could be heard upon plaintiff's property, and that the noises were of such nature as would be uncomfortable or annoying to persons of ordinary sensibility as to sound, the two findings are in material conflict with the third finding that such noises did not cause a depreciation in the reasonable fair cash market value of plaintiff's said property just after

the operation of the mill began, from what it had been just prior to such operation.

■ We do not think the findings are in conflict. Plaintiff in error, in the fifth paragraph of his petition, alleged that by such noises his said lands became less in their market value. It was an issue of fact for the jury to decide whether the mill noises complained of caused the depreciation in the value of the lands. The mill noises were alleged to be the cause, and the depreciation in value of the lands was alleged to be the result. It was necessary to the cause of action to allege and prove both the cause and the effect· or result of the cause.

■ Plaintiff in error claims that it was error to submit to the jury whether the mill noises caused the depreciation in the value of the lands "just after the operation of the mill began, from what it had been just prior to such operation."

Plaintiff in error pleaded in effect that by reason of the noises, and which will be so caused, the same did in their market value, become worth, "just after the beginning of such operation, the sum of, to-wit, thirty thousand dollars less than the same were worth in their market value just before the erection of such buildings and structures and beginning of such operations."

The issue as submitted, and complained of, is in the verbiage of the plaintiff in error's pleading.

■ The usual form of submitting permanent and irreparable compensatory damages to realty, so as to include all injury, prospective as well as present, where the land has been permanently affected, but its value has not been totally destroyed, as alleged here, the measure of damages is the difference between its actual cash or market value immediately preceding the injury, and such value immediately thereafter. Trinity & S. F. Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575; Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Tex. 685, 4 S.W. 365; Gulf, C. & S. F. Ry. Co. v. Coffman (Tex.Civ.App.) 11 S.W.(2d) 631, affirmed (Tex.Com.App.) 23 S.W.(2d) 304.

The time the jury was to determine the depreciation in the value of the land as submitted "just after the operation of the mill began, from what it had been just prior to such operation," is not materially different from "immediately preceding the injury, and such value immediately thereafter."

The proposition is overruled.

The court instructed the jury: "By the term 'reasonable fair cash market value', as applied to real estate, is meant what the real estate would sell for in cash on the market within a reasonable time, being sold by one who did not have to sell, to one who did not have to buy."

■ Plaintiff in error made no objection to the charge in the trial court as required by article 2185, R.C.S., nor in his amended motion for a new trial. The objection to the charge, if any there is, plaintiff in error has waived.

For reasons stated, the case is affirmed.