Mary Adrian HENDERSON et al.,
Appellants,

v.

William F. MORRIS, Appellee.

No. 8182.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 27, 1971.

Huffaker & Green, Gerald Huffaker, Tahoka, for appellants.

Alton R. Griffin, Lubbock, for appellee.

JOY, Justice.

This suit resulted from an automobile collision causing personal injuries. The

trial was to a jury and from judgment for defendant, the plaintiff has appealed.

Reversed and remanded.

The parties are referred to here as they appeared in the trial court. The plaintiff was proceeding in a Volkswagen automobile in an easterly direction on Main Street in Lubbock, Texas, which was a one-way street, with defendant traveling south on Avenue R. A stop sign was located on Avenue R for traffic on that street with no signs on Main Street. The defendant stopped at the sign and waited for traffic on Main Street, some six or eight cars, to pass prior to entering the intersection to proceed on south. Defendant's wife was riding in the front passenger side of the automobile, advising defendant of the approaching traffic and told defendant when she thought the intersection was clear for him to proceed. Defendant testified he never saw plaintiff's vehicle until the collision and the record does not reflect any reason for defendant's failure to see vehicles approaching the intersection from his right. There was testimony of a sign (advertising a boardinghouse situated on the corner lot) beside the street defendant was traveling upon located near the stop sign; however, defendant testified that he did not believe the sign blocked his view of the approaching vehicles. Defendant's wife testified that the boardinghouse sign partially blocked her view of approaching automobiles and that the small automobile (Volkswagen) of plaintiff's was not visible over the sign as were the other larger automobiles.

■■■ Plaintiff's first four points of error are no evidence and insufficient evidence points raised in reference to the jury's answers to special issues nos. 1 and 3, whereby the jury found that defendant did not fail to keep a proper lookout and defendant did not enter the intersection when plaintiff's vehicle was so close as to constitute an immediate hazard. We think the answers are against the great weight and preponderance of the evidence.

Defendant, by his acknowledgement that the sign probably did not block his view, and further admission that he did not see plaintiff's vehicle until it struck him, confessed improper lookout on his part. We do not think that defendant was justified under the circumstances, in the light of his own testimony, in relying solely upon his passenger to advise him when to proceed. This is especially true in view of defendant's admission that Main Street was a busy thoroughfare and that apparently defendant had no obstruction to his view of traffic approaching the intersection on Main Street from his right. Obviously, defendant proceeded from the stop sign into the intersection without looking to his right. Although defendant's reliance upon the lookout of his passenger might be taken into consideration in determining lookout, we are of the opinion that the great weight and preponderance of the evidence supports the opposite conclusion. There is no evidence that plaintiff's vehicle, along with those preceding the vehicle on the one-way street, was being driven at other than a normal rate of speed with no traffic hazards, such as inclement weather, obstructions to vision, or otherwise. A party is not charged with a duty of anticipating negligence or unlawful conduct of another party. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955). The plaintiff was on a through street and could logically expect the traffic approaching from the crossing street to stop at the traffic sign and not attempt to cross the busy through street when other vehicles approaching the intersection were so close as to constitute a hazard.

It follows that we hold that the collision was caused by the negligence of one or both of the parties and that the jury's finding of unavoidable accident was against the great weight and preponderance of the evidence.

By our holding, it becomes unnecessary to pass upon the other points raised. The judgment is reversed and the cause remanded.