Delbert Ray ROBERTSON, Appellant,

v.

Frances ALBERTY et vir, Appellees.

No. 8379.

Court of Civil Appeals of Texas,
Amarillo.

Sept. 10, 1973.

Rehearing Denied Oct. 8, 1973.

Stokes, Carnahan & Fields (Richard L.
Wilcox), Amarillo, for appellant.

Lovell, Lyle, Cobb & Renfer (Michael P. Metcalf), Dumas, for appellees.

REYNOLDS, Justice.

Disregarding jury findings of contributory negligence proximately causing an intersection collision between two vehicles, the trial court entered judgment non obstante veredicto favorable to plaintiffs. The controlling appellate determinate is that there is some evidence of probative force to support the jury's findings. Reversed and rendered consistent with the jury's verdict.

Frances Alberty and her husband sued Delbert Ray Robertson to recover damages for her personal injury and vehicle repairs resulting from a collision of their two vehicles on a clear, dry day at the intersection of 5th and Elm Streets in Dumas, Texas. 5th Street is an east-west through street, designated as a 30-miles per hour zone; Elm Street is a north-south intersecting street on which a yield sign is positioned to control traffic entering 5th Street. Approaching 5th Street from the south on Elm Street, Mrs. Alberty stopped her vehicle at the intersection yield sign on Elm Street from which point there was, and Mrs. Alberty did observe, a clear view of 5th Street in both directions. She first looked to her left and saw the Robertson vehicle approaching from the west on 5th Street. She placed the position of the Robertson vehicle ". . . approximately two streets down, . . . between those two churches . . . ." The churches are situated on the north side of 5th Street in adjacent blocks separated by Oak Street located two streets to the west of and running parallel to Elm Street. The distance from the center of the intersection of 5th and Oak Streets to the point of impact fixed by Mrs. Alberty is 652 feet. Mrs. Alberty stated that she made no estimate of the speed of the Robertson vehicle and ". . . couldn't tell how fast he was traveling there." She was familiar with the intersection, having travelled it many times and had made left-hand turns from Elm Street onto 5th Street. She "felt" that she had sufficient time to clear the intersection before a car two blocks distant travelling at the speed limit would approach the intersection, and on this occasion she "felt" she had sufficient time to cross the intersection. Mrs. Alberty then looked to her right, saw no vehicles, and proceeded into the intersection, beginning a left-hand turn. She did not look for nor see the Robertson vehicle again until just before the impact when, hearing the ". . . screeching of brakes, (she) looked up . . . ."

It was Robertson's testimony that he was driving at a speed of 30 miles per hour in the south, or eastbound, lane of 5th Street 120 feet west of the intersection when he first saw the Alberty vehicle. At that moment, the Alberty vehicle was slowly proceeding in a northerly direction across the intersection and Mrs. Alberty was looking straight ahead. After he had travelled another 20 feet, Robertson applied his brakes and turned to his left, thinking he might be able to go around to the left of the Alberty vehicle since ". . . she could have stopped if she had seen me."

The two vehicles collided, the contact points being the left front side of the Alberty vehicle and the right front side of the Robertson vehicle. The exact place of collision is not fixed with certainty by the record. According to Mrs. Alberty and her passenger, the Alberty vehicle was in the west lane of traffic on the north side of 5th Street when and where the collision occurred; Robertson fixed the point of impact "Very, very near the center of the intersection" with the Alberty vehicle at a 30-degree angle into a left-hand turn. The investigating city patrolman designated the impact point to the court and jury by "demonstrating" on a blackboard, which has neither been made available nor reproduced for appellate observation. The patrolman measured four Robertson vehicle skid marks of 37, 80, 83 and 84 feet, beginning in the south eastbound lane of traffic

and ending in the north westbound lane of traffic on 5th Street. He did not state how far the skid marks extended into the north lane of traffic. Uncontradicted is the testimony of Mrs. Alberty and her passenger that the time lapse from the stop at the yield sign until the collision was not more than six to seven seconds.

By its fact findings, the jury convicted Robertson of negligence proximately causing the collision and, corresponding to the numbered special issues submitted material to this appeal, the jury further found that, under the circumstances (7A) Frances Alberty failed to keep a proper lookout, which (7B) was a proximate cause of the occurrence. Robertson moved for judgment on the verdict; the Albertys moved the court to disregard the jury's special issue no. 7 finding of improper lookout on the part of Mrs. Alberty and, following motions by the parties not material to the appeal, the Albertys filed a motion for judgment based on a disregard of the contributory negligence findings against Mrs. Alberty. The court denied all of Robertson's motions, granted all of the Albertys' motions, additionally set aside the jury's answer made to special issue no. 7B, and entered judgment in favor of the Albertys for $10,464.51, the total amount of damages determined by the jury.

 Without filing a motion for new trial, Robertson appealed, advocating seven points of error. Points two and three are that the trial court erred in disregarding the jury's findings in response to special issues nos. 7A and 7B. The remainder of the points are not germane to the complaint of rendition of judgment non obstante veredicto and, not being supported by the prerequisite motion for new trial for appellate consideration, are, as admitted upon submission of the case, waived. Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887 (1960).

 Robertson, then, has limited his appeal to the determination of whether the court erred in disregarding the special is-

sues nos. 7A and 7B jury findings that Mrs. Alberty's improper lookout proximately caused the collision. The trial court is authorized to disregard the jury's findings only if they have no support in the evidence, Rule 301, Texas Rules of Civil Procedure; conversely, the jury's findings may not be disregarded if there is any evidence of probative force which, with proper inferences arising therefrom, will reasonably support the same. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). The no evidence evaluation must be from the perspective most favorable to the verdict and consistent with the applicable legalisms.

 It is true, as stated in the authorities relied on by the Albertys, that Mrs. Alberty was not required to anticipate that Robertson would operate his vehicle in an unlawful or negligent manner, DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955); nevertheless, as the same reliant authorities recognize, Mrs. Alberty was not entitled thereby to close her eyes to that which was plainly visible, nor excused from exercising ordinary care for her own safety. Lynch v. Ricketts, supra. Moreover, the jury's factual findings that Robertson's negligence proximately caused the collision does not necessarily establish, as a matter of law, that Mrs. Alberty kept a proper lookout; for every person travelling along or across a public street has a continuing duty to maintain a proper lookout for his own safety. DeWinne v. Allen, supra. This duty, as stated by the Supreme Court in Lynch v. Ricketts, supra, ". . . was . . . not only to look but to observe in a careful and intelligent manner the traffic and general situation at and in the vicinity of the intersection, including the speed and proximity of vehicles approaching from either direction."

Here, upon first seeing the Robertson vehicle, Mrs. Alberty neither observed nor estimated its speed. After Mrs. Alberty looked to her right and saw no oncoming traffic, she did not look again to her left to observe either the speed or proximity of

the Robertson vehicle which she knew was approaching. Rather, Mrs. Alberty proceeded into the intersection on the admitted assumption that she would have time to cross safely *if* Robertson were driving at the speed limit of 30 miles per hour, completely oblivious to the danger posed by the other vehicle until the instant before the collision.

■ Within the framework of this record evidence, the facts bearing on the lookout issue were not established to a legal certainty; therefore, the jury became the arbiter of the facts and circumstances proven and the reasonable inferences and deductions drawn therefrom. Lynch v. Ricketts, supra. The jury was entitled to accept Mrs. Alberty's undisputed testimony that she failed to estimate the speed of the Robertson vehicle, which constitutes some evidence in support of the finding of the failure to keep a proper lookout. Moreover, the jury was privileged to disbelieve Robertson's statement of his 30 miles per hour rate of speed and to find, by applying Mrs. Alberty's uncontroverted testimony of time and distance to the speed calculation testimony in the record, that the Robertson vehicle was travelling at a speed in excess of 60 miles per hour in the 30-miles per hour zone. Furthermore, from these found facts the jury could determine that had Mrs. Alberty observed in a careful and intelligent manner before committing herself to entering the intersection, she would have seen that the convergent vehicle was approaching at a rapid and dangerous rate of speed and that she could not have reasonably and validly felt that she had time to safely cross the intersection. In this light, it was within the province of the jury to conclude that the apparent danger posed by the speed and proximity of the Robertson vehicle could have been avoided by any person keeping a proper lookout under the same or similar circumstances. Thus, there being some evidence of probative force in support of the jury's findings, the trial court erred in setting aside the findings. Robertson's points of error two and three are sustained.

The sustention of the points of error requires reinstatement of the jury's verdict unless, as authorized and directed by Rules 324 and 420, Texas Rules of Civil Procedure, there are cross-points which, if sustained, will vitiate the verdict favorable to Robertson. However, the Albertys have not filed any cross-points, and particularly none questioning the sufficiency of the evidence to support the jury's findings of improper lookout and causation in response to special issues nos. 7A and 7B. In the absence of cross-points presenting grounds sufficient to bar the entry of judgment consistent with the verdict, the judgment non obstante veredicto entered by the trial court must be reversed and judgment entered in harmony with the jury's verdict. Jackson v. Ewton, 411 S.W.2d 715 (Tex. 1967).

The trial court's judgment non obstante veredicto is reversed, and judgment is here rendered that plaintiffs take nothing.