Allen GOLLEHER, et al., Appellants,

v.

Francisco D. HERRERA, et al., Appellees.

No. 07–81–0151–CV.

Court of Appeals of Texas, Amarillo.

April 15, 1983.

Rehearing Denied May 10, 1983.

Crenshaw, Dupree & Milam, Tom S. Milam, Cecil Kuhne, Lubbock, for appellants.

Splawn & Simpson Law Offices, Inc., John Simpson, Carr, Evans, Fouts & Hunt, Don Hunt, Lubbock, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellees Francisco D. Herrera and Felix Benavides secured a judgment, rendered on a jury's verdict, decreeing their recovery of damages sustained when the automobile they occupied was impacted by an automobile operated by Ruth Golleher after her automobile was struck by one driven by Andrea Rangel Mesa. The judgment was rendered against Allen Golleher, individually and as the representative of the estate of Ruth Golleher, deceased, National Sharedata Corporation, Ms. Golleher's employer (collectively referred to as the Gollehers), and Andrea Rangel Mesa (Sides) (hereinafter Ms. Mesa), jointly and severally. The judgment further ordered that the damages were apportioned 60% to the Gollehers and 40% to Ms. Mesa pursuant to the jury's apportionment of negligence by those respective percentages, and decreed the right and recovery of contribution by both the Gollehers and Ms. Mesa if either one shall pay more than the amount of damages apportioned to them or her.

The Gollehers, joined by United Automobile Leasing Company, which unsuccessfully sought recovery from Ms. Mesa for the value of its owned automobile leased to National Sharedata Corporation and operated by Ms. Golleher, and Affiliated FM Insur-

ance Company, which intervened and unsuccessfully sought recovery for the worker's compensation benefits it paid on behalf of Ms. Golleher (collectively referred to as appellants), have appealed. By their appeal, appellants seek an exoneration of Ms. Golleher from all negligence, thereby imposing all liability upon Ms. Mesa. Alternatively, they seek a remand.

Ms. Mesa, joined by Mr. Herrera and Mr. Benavides, are, and when referred to collectively will be designated as, appellees. Ms. Mesa accepts the findings of her negligence proximately causing the collision and only resists the efforts by appellants to alter the liability adjudicated. Mr. Herrera and Mr. Benavides urge an affirmance of the judgment. Alternatively, appellees pray for a remand.

Thus, the appellate issue posed is a question of liability, flowing from the conduct of Ms. Golleher and Ms. Mesa, for the damages awarded Mr. Herrera and Mr. Benavides since no one challenges their entitlement to damages or the amounts awarded.

After our review of the record in the light of the appellate contentions, we determine that: the evidence supports at least one pair of the jury's negligence-proximate cause findings attributable to the conduct of Ms. Golleher, but the jury was permitted to consider inadmissible testimony in finding that the conduct of Ms. Golleher in another particular was negligence and a proximate cause of the collision; and, at a minimum, one of the jury's answers to a negligence issue arising from the conduct of Ms. Mesa is against the great weight and preponderance of the evidence. We, therefore, rule that: Mr. Herrera and Mr. Benavides are entitled to an affirmance of their judgment for damages against the Gollehers and Ms. Mesa, jointly and severally; and appellants and Ms. Mesa are entitled to a readjudication of the liability issues in dispute between them upon factual findings sufficiently supported by admissible evidence. Accordingly, the judgment is affirmed in part and, after severance, is reversed and remanded in part.

Just before 7:15 a.m. on 21 February 1979, a day on which the sun rose at 7:26 a.m., Ms. Mesa, leaving her place of employment to proceed to her home, was driving her Oldsmobile automobile in a northerly direction on U.S. Highway 84 between Slaton and Lubbock. The highway is divided by a median into two roadways, each of which has two lanes, to accommodate traffic proceeding in opposite directions. The weather was somewhat overcast and damp. Ms. Mesa observed that lights were needed and she, and others travelling the highway, had their cars' lights on; however, a patrolman testified that it was light enough to see without headlights and that much of the highway traffic was proceeding without lights.

Arriving at and turning left on a crossover, Ms. Mesa, according to her testimony, stopped at a yield right-of-way sign before beginning to proceed across the two lanes for southerly bound traffic on the highway toward her home. She saw a vehicle travelling in a southerly bound traffic lane at a distance of approximately one city block and signalling for a right-hand turn onto a dirt road at the Cotton Club. It was light enough for her to identify the vehicle as a pickup and to see the dirt road and the Cotton Club building.

Ms. Mesa watched as the pickup turned onto and down the dirt road. Then, at approximately 7:15 a.m., she drove her automobile forward across the inside lane of the highway and four feet into the outside lane, striking the left rear quarter panel of a Chevrolet station wagon operated by Ruth Golleher. Ms. Mesa said she never saw the Golleher vehicle prior to the collision, although she admitted there was nothing to obstruct her vision and she could see cars with lights on three or four miles away.

There was no evidence whether Ms. Golleher could or did see the Mesa automobile or that she slowed down, sounded the horn, or applied the brakes. The investigating patrolman found no skid marks, but he deduced from his investigation that Ms. Golleher was taking evasive action immediately before the collision.

Using the distance travelled by the Golleher vehicle after the collision, a professor of engineering physics, Dr. Meyers, calculated that the Golleher vehicle upon leaving the point of collision, which would have added some undetermined amount of speed, was travelling at 58 miles per hour. The doctor testified that although he did not look at the Golleher vehicle to see whether the light switch was in the on or off position, he examined all of the light bulbs from the vehicle and that they did not show any evidence that they were on. When it developed that he had received the light bulbs in a paper sack from, and returned them to, one Bernie Evans, appellants unsuccessfully moved the court to strike Dr. Meyers' testimony until a proper chain of custody was established.

Another witness, bystander Koontz, saw Ms. Mesa stop at the yield sign, but he did not see the collision. Immediately thereafter, he saw the Golleher vehicle travelling down the highway and observed that its taillights were on and stayed on. He agreed that the taillights could not be turned on without turning on the headlights or parking lights.

After the Mesa-Golleher collision, the Golleher automobile continued over 300 feet down the highway and across the median, impacting with an automobile driven by Francisco D. Herrera and occupied by Felix Benavides as a passenger. Mr. Herrera, Mr. Benavides, and Ms. Golleher sustained injuries, and Ms. Golleher died the next day as the result of her injuries.

The jury found that Ms. Mesa failed to yield to the Golleher vehicle, which was a proximate cause of the collision. The jury failed to find that Ms. Mesa either failed to keep a proper lookout or failed to make a proper application of the brakes.

The jury also found that Ms. Golleher failed to keep a proper lookout, was driving at a greater rate of speed than a person of ordinary care would have driven, was travelling without her headlights on, and failed to make a proper application of the brakes, each of which was a proximate cause of the collision. In apportioning the negligence that caused the collision, the jury attributed 40% to Ms. Mesa and 60% to Ms. Golleher.

In appealing, appellants challenge each of the jury's findings of Ms. Golleher's negligence and its proximate cause, and the jury's failures to find that Ms. Mesa failed to keep a proper lookout and failed to make a proper application of the brakes. Further, appellants contend that the jury's findings of the percentages of negligence do not meet any standard of evidence required to support the findings.

■■■ At the outset, we state our agreement with counsels' generalizations that a motorist has the right to assume that another motorist will obey the traffic laws and is not required to anticipate that the other will operate his vehicle in an unlawful or negligent manner. Nevertheless, a motorist is not entitled thereby to ignore that which is plainly visible nor excused from exercising ordinary care for his or her own safety. *See Robertson v. Alberty,* 499 S.W.2d 361, 363 (Tex.Civ.App.—Amarillo 1973, no writ), and authorities cited.

■■ In exercising ordinary care for her own safety, Ms. Golleher was obligated to operate her automobile at a rate of speed no greater than an ordinarily prudent person would operate a vehicle under the same or similar circumstances. *Fitzgerald v. Russ Mitchell Constructors, Inc.,* 423 S.W.2d 189, 191 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). The driving speed which would meet the standard of ordinary care in the circumstances depicted here cannot be fixed with any degree of certainty, of course, but must be left in large measure to the trier of fact. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273, 275 (1958).

From the evidence, an abbreviation of which has been stated above, the jury, as the judge of the facts proved as well as the reasonable inferences and deductions drawn from the evidence, reasonably could have believed that Ms. Golleher was travelling at a speed greater than the maximum 55 miles per hour permitted on the highway, or at a

lesser but still greater rate of speed than was prudent under less than ideal driving conditions. The jury then could have reasoned that a reasonably prudent person, charged with observing and appreciating the danger posed by the plainly visible automobile in the crossover, would have slowed the automobile's speed in the exercise of ordinary care. The jury further could have concluded that Ms. Golleher failed to reduce the speed of her automobile to avoid a probable collision that would have been apparent to anyone who was driving at a speed greater than a person exercising ordinary care would have driven.

We conclude, then, that the factual evidence and the inferences which reasonably can be drawn therefrom furnish some evidential support for both the submission of the excessive speed and proximate cause issues and the jury's findings that Ms. Golleher was driving at a greater rate of speed than a person of ordinary care would have driven, which was a proximate cause of the collision. We further conclude that the evidence in support of these findings is not so weak, nor that the contrary evidence is so overwhelming, that the findings should be set aside. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Accordingly, we overrule appellants' points of error nine, ten, eleven, and twelve by which they attack the submission of the issues and the answers on no evidence grounds, as well as the answers on grounds of insufficient evidence.

Similarly, in exercising ordinary care for her own safety, Ms. Mesa had the continuing duty to maintain a proper lookout. *Robertson v. Alberty, supra.* The jury failed or refused to find that she failed to keep a lookout for the vehicle driven by Ms. Golleher that the ordinary person would have kept under the same or similar circumstances.

■ Nevertheless, Ms. Mesa testified that there was nothing to obstruct her view as she observed the highway, but that she did not see Ms. Golleher's automobile prior to the collision although she saw other vehicles at a greater distance. Her failure to see the Golleher automobile tends to estab-

lish the absence of a proper lookout, *Lynch v. Ricketts, supra,* 314 S.W.2d at 276; indeed, testimony of like import has been held to amount to confessed improper lookout. *Henderson v. Morris,* 476 S.W.2d 471, 472 (Tex.Civ.App.—Amarillo 1971, no writ).

We conclude, therefore, that the jury's failure or refusal to find that Ms. Mesa failed to keep a proper lookout is against the great weight and preponderance of the evidence. Accordingly, we sustain appellants' second point by which the jury's answer is challenged on that ground of insufficient evidence.

■ As previously noted, the jury found that Ms. Golleher was travelling on the highway without her headlights on, which was a proximate cause of the collision. In so finding, the jury had to look to the aforementioned testimony, and the reasonable inferences drawn therefrom, given by Ms. Mesa, Mr. Koontz, and Dr. Meyers, for no other witness admitted to any knowledge of the matter.

From Ms. Mesa's testimony that she looked but never saw Ms. Golleher's automobile, the jury reasonably could infer that the headlights were not on or she would have seen them; yet, from Mr. Koontz's testimony that the taillights were burning on Ms. Golleher's automobile, the jury reasonably could infer that the headlights were on. Thus, the issue was in sharp dispute when Dr. Meyers testified that his examination of all the light bulbs of the Golleher automobile given him did not show any evidence that they were on at the times of the collisions.

By their twenty-fifth point of error, appellants contend the court committed harmful and prejudicial error in admitting Dr. Meyers' opinion testimony, and in failing to sustain their motions to strike it, when no predicate was laid to show that the light bulbs came from the Golleher automobile. We agree.

It is clear from the record that Dr. Meyers had no personal knowledge of the source of the light bulbs. Obviously and perhaps as the result of undisclosed information re-

ceived when the light bulbs were given to him, he believed the light bulbs were taken from the Golleher automobile after the collisions, but no evidence to that effect was introduced. Hence the source of the light bulbs, a predicate for Dr. Meyers' opinion, was not a proven fact, but was based on speculation or conjecture.

Opinion evidence based on speculation or conjecture lacks probative value, *Flores v. Missouri-Kansas-Texas Railroad Company,* 365 S.W.2d 379, 383 (Tex.Civ. App.—Dallas 1963, writ ref'd n.r.e.), and is inadmissible. *Moore v. Grantham,* 599 S.W.2d 287, 290 (Tex.1980). An opinion unsupported by facts before the court is a naked conclusion which will not support a jury finding even when admitted without objection. *Dallas Railway & Terminal Company v. Gossett,* 156 Tex. 252, 294 S.W.2d 377, 380–81 (1956). Consequently, when it was developed that Dr. Meyers predicated his opinion testimony upon his assumption of an unproven fact, his opinion testimony should have been excluded, upon the motion to strike it, from the jury's consideration. *Fort Worth & D.C. Ry. Co. v. Hogsett,* 67 Tex. 685, 4 S.W. 365, 366 (1887).

Undoubtedly, the jury, as reflected by its findings, gave significant weight to Dr. Meyers' opinion, the import of which was that the Golleher automobile headlights were not on; for, until he testified, the jury had for its consideration only the inference from the testimony of Ms. Mesa, an interested witness, that the headlights were not on, and the inference from the testimony of Mr. Koontz, a disinterested witness, that the headlights were on. It follows that the court's failure to remove the opinion testimony of Dr. Meyers, an impartial witness, from the jury's consideration when an insufficient predicate for it was revealed was harmful to appellants. *Accord, A.F. Conner & Sons v. Tri-County, Etc.,* 561 S.W.2d 466 (Tex.1978). Accordingly, we sustain appellants' twenty-fifth point of error.

At this point in our review of the record as it is now constituted, it has been evidenced that both Ms. Golleher and Ms. Mesa were guilty of negligence proximately causing the damages found to have been sustained by Mr. Herrera and Mr. Benavides. The factual findings, validated on appeal, are sufficient to support the judgment rendered for Mr. Herrera and Mr. Benavides against the Gollehers and Ms. Mesa, jointly and severally, without regard to whether there is any error in the other challenged answers of the jury. *See Cloud v. Zellers,* 158 Tex. 253, 309 S.W.2d 806, 811 (1958). This result appertains particularly since the other challenged answers only affect the question of liability between appellants and appellee Ms. Mesa, and since, on appeal, none of the parties challenges the right of either Mr. Herrera or Mr. Benavides to recover the respective amount of damages awarded each of them, and no party seeks any affirmative relief from either of them. It follows that Mr. Herrera and Mr. Benavides are entitled to prevail on the judgment rendered in their favor, for that part of the judgment is clearly separable without unfairness to the parties. Tex. R.Civ.Pro. 434.

However, it is also evident that because some of the jury's answers bearing on the liability of the tortfeasors are insupportable under the evidence adduced, the adjudication of the conflicting claims between appellants and Ms. Mesa was made on faulty factual determinations. A proper adjudication is yet to be made by whatever negligence-proximate cause is attributable to Ms. Golleher and Ms. Mesa upon factual findings supported by the evidence. The determination of negligence and proximate cause, together with the comparison to apportion the percentage of negligence attributable to each tortfeasor, is peculiarly within the province of the fact finder, not this court. It, therefore, would serve no useful purpose to entertain appellants' remaining challenges to the jury's other failure to find negligence on the part of Ms. Mesa or to the jury's other findings of negligence, and attendant proximate cause, on the part of Ms. Golleher. Any conclusions we might reach on these matters under the record evidence, which may be different in the event of

further proceedings, would not authorize our usurping the prerogative of the fact finder to find, compare, and apportion the negligence.

It suffices that from our review of the record as a whole, we conclude that the noted errors amounted to such a denial of the rights of appellants as was calculated to cause and probably did cause the rendition of an improper judgment respecting the conflicting claims between appellants and Ms. Mesa. Tex.R.Civ.Pro. 434. Accordingly, we sustain appellants' twenty-fourth point, by which they complain of the insufficiency of the evidence to support the jury's apportionment of negligence.

That part of the judgment decreeing that Francisco D. Herrera and Felix Benavides recover their stated damages from Allen Golleher, individually and as representative of the estate of Ruth Golleher, deceased, National Sharedata Corporation, and Andrea Rangel Mesa (Sides), jointly and severally, is affirmed. The remaining part of the judgment is reversed, the liability claims appellants (Allen Golleher, individually and as representative of the estate of Ruth Golleher, deceased, National Sharedata Corporation, United Automobile Leasing Company, and Affiliated FM Insurance Company) and appellee Andrea Rangel Mesa (Sides) have asserted against each other are severed, and the liability claims are remanded to the trial court.

Costs of appeal are assessed to appellee Andrea Rangel Mesa (Sides). Tex.R.Civ. Pro. 448.