Gilbert GOMEZ, Appellant,

v.

Claudia ADAME and Jorge Alberto Adame, Appellees.

No. 04–95–00796–CV.

Court of Appeals of Texas, San Antonio.

Jan. 22, 1997.

Juan Carlos Martinez, Kugle, Byrne & Alworth, San Antonio, for appellant.

Kenneth A. Richey, S. Troy Harber, Richey & Young, P.C., Austin, for appellees.

Before STONE, GREEN and ANGELINI, JJ.

STONE, Justice.

Gilbert Gomez appeals from a take nothing rendered against him. Gomez brought suit against Claudia and Jorge [1] Adame to recover damages sustained in a car accident. Adame responded with a general denial and pled a comparative negligence claim. After a trial on the merits, the jury was asked to determine whether the negligence, if any, of Adame or Gomez proximately caused the accident. The jury answered in the negative for both parties. Gomez brings forward nine points of error challenging the legal and factual sufficiency of the evidence. For the following reasons, we affirm.

### Background Facts

On December 5, 1992, Adame and Gomez collided in the intersection of Commercial Street and Chalmers Street in San Antonio. Commercial is a two lane road running north and south in a residential area. Chalmers runs east and west. At the intersection of Commercial and Chalmers, traffic on Com-

---

1. Jorge Adame was nonsuited prior to trial, and accordingly, is not a party to this action, despite being named.

mercial has the right of way with no traffic regulation devices on Commercial. Stop signs are located on Chalmers. At the time of the accident, Gomez was travelling north on Commercial and Adame was travelling east on Chalmers.

At trial, Adame testified that she approached the Commercial–Chalmers intersection, stopped at the stop sign, looked both ways, and proceeded across Commercial. Commercial is a flat, straight road, which suggests that approaching traffic from both directions is easily visible from Chalmers. Adame testified that no homes or stationary or moving vehicles obstructed her field of vision. The record indicates it was raining on the day in question, but neither party complains that the weather contributed in any way to the accident. Adame stated that she did not see Gomez's van and entered what she believed to be a clear intersection. She estimated that she was driving between ten to twenty miles per hour at the time of impact. As she crossed over the middle lane of Commercial, she collided with Gomez. Gomez's van was now apparent to her.

Gomez testified that he did not see Adame's car prior to impact. He stated that he was travelling north on Commerce and Adame hit his van. Raul Gomez, a passenger in Gomez's van at the time of the accident, testified that he did not see anything prior to impact.

### Arguments on Appeal

■ In four points of error, Gomez complains there is no evidence to support the take nothing judgment and the trial court erred in refusing to grant his motion for new trial on his no evidence claim. Since Gomez is attacking the legal sufficiency of an adverse finding on issues in which he had the burden of proof at trial, Gomez must demonstrate that the evidence conclusively established all vital facts in support of those issues. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.1989). We review a refusal to grant a new trial on an abuse of discretion standard. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex.1984).

■ Gomez's remaining five points of error contend the evidence was factually insufficient to support the judgment and the trial court erred in refusing to grant his motion for new trial on the basis of factual insufficiency. Under factual insufficiency claims, this Court determines if there is some evidence to support the findings, and then determines, in light of the entire record, whether the findings are so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986). The reviewing court should not determine the credibility of any witness or substitute its judgment for that of the trier of fact. Loyd Elec. Co., Inc. v. Millett, 767 S.W.2d 476, 482 (Tex.App.— San Antonio 1989, no writ). As noted above, an abuse of discretion standard governs our review of the trial court's action on a motion for new trial. Strackbein, 671 S.W.2d at 38.

At trial Gomez alleged that Adame committed various acts of negligence, including failure to maintain a proper lookout, failure to give the right of way to his van, failure to timely apply her brakes to avoid striking him, operating her vehicle at a greater speed than a person of ordinary prudence under the same circumstances, and negligence per se for ignoring the Chalmers stop sign. Gomez's appeal primarily addresses Adame's alleged failure to maintain a proper lookout and alleged failure to obey a stop sign.

■ All persons have the duty to maintain a proper lookout and to observe in a careful manner the traffic and general situation at and in the vicinity of an intersection. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275 (1958). Gomez argues that the following facts establish as a matter of law that Adame breached her duty to maintain a proper lookout and that such breach was the proximate cause of the accident: her acknowledgment that she was required to stop and yield to approaching traffic, the absence of obstructions to her view of approaching traffic, and her failure to see his van until impact. See Golleher v. Herrera, 651 S.W.2d 329, 333 (Tex.App.—Amarillo 1983, no writ); Henderson v. Morris, 476 S.W.2d 471, 472 (Tex.Civ.App.—Amarillo 1971, no writ); Causey v. Newsom Truck Lines, Inc., 362 S.W.2d

210, 212 (Tex.Civ.App.—Houston 1962, no writ). Citing to article 6701d, section 71(a) of the Texas Revised Civil Statutes (currently at TEX. TRANSP. CODE ANN. § 545.151 (Vernon Pamph.1997)), Gomez argues that Adame's failure to maintain a proper lookout constitutes negligence per se. Gomez further argues that under article 6701d, section 91A(b) of the Texas Revised Civil Statutes (currently at TEX. TRANSP. CODE ANN. § 544.010 (Vernon Pamph.1997)), Adame was negligent per se in failing to stop at the Chalmers stop sign.

### Discussion

Admittedly, Adame did not see Gomez's van prior to impact. Contrary to Gomez's suggestion, the fact that Adame did not see Gomez's van coupled with the fact that her field of vision was not obstructed does not establish as a matter of law that Adame failed to maintain a proper lookout. As noted, Adame testified that she stopped at Chalmers and entered into the intersection which she believed to be clear. In conjunction with this testimony, Adame testified that she was uncertain from which direction appellant was travelling. On cross-examination, she testified that there were "sidewalks" near the intersection from which Gomez's van could have exited. Adame argues that this line of questioning is credible evidence to contradict Gomez's version of events and that the jury could have inferred that Gomez approached the intersection from one of these various "sidewalks", or side streets, which thus provides an explanation as to why Adame did not see Gomez approaching.

There is no evidence which supports Gomez's bald assertion that Adame ignored the Chalmers stop sign altogether other than his speculation that he would have seen her stopped car at the intersection.

■ Gomez's argument labors under the misperception that the mere occurrence of a collision establishes negligence as a matter of law. *See Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied). It is the plaintiff's burden to prove specific acts of negligence on the part of the driver and that such negligence was a proximate cause of the

accident. *Id.* Whether negligence and proximate cause have been proved by a preponderance of the evidence is within the jury's province to determine. *Id.* Adame argues that the jury's verdict represents nothing more than its belief that each party failed to show negligence on the part of the other party. We agree with Adame's assessment and decline to substitute our judgment for that of the trier of fact.

There was credible evidence before the jury upon which its decision rests. As noted, Adame testified that she stopped at Chalmers, looked in both directions on Commercial, and entered what she thought was a clear intersection. She acknowledged that Gomez was not visible until impact, but she did state that Gomez could have entered Commercial from a side street. While these facts establish the existence of an accident, they do not prove specific acts of negligence on the part of either party. Thus, based on the evidence, we cannot say that Adame was negligent as a matter of law. *See Sterner*, 767 S.W.2d at 690. We are also unable to find that the trial court abused its discretion in refusing to grant a new trial on a no evidence basis. *See Strackbein*, 671 S.W.2d at 38. Points of error numbers one through four are overruled.

■ In light of the aforementioned facts and after an examination of the record, we further find the jury's findings are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. Additionally, the trial court's failure to grant Gomez's motion for new trial on the factual sufficiency claim was not an abuse of its discretion. *See Strackbein*, 671 S.W.2d at 38. Points of error numbers five through nine are overruled.

The judgment of the trial court is affirmed.