No. 04-99-00843-CV


Danny J. DAVIS, individually and doing business as Floors-R-Us,


Appellant



v.


Tony PRUNEDA and Maria Pruneda,

Appellees



From County Court at Law No. 5, Bexar County, Texas


Trial Court No. 234,608


Honorable Shay Gebhardt, Judge Presiding




MEMORANDUM OPINION



Opinion by: Sarah B. Duncan, Justice



Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: February 14, 2001


AFFIRMED


 According to Tony Pruneda, Danny Davis misrepresented his ownership of Floors-R-Us; the
length of time the company had been in business; that Floors-R-Us had offices in Dallas, Houston,
and San Antonio; that Floors-R-Us was an experienced remodeler; and that Davis would hold
Pruneda's $2000 credit card check until Pruneda could replace it with a bank account check. But for
these misrepresentations, Pruneda testified, he would not have contracted with Floors-R-Us to do
the remodeling work or given him the $2000 credit card check. Pruneda also testified the defective
and incomplete work performed by Floors-R-Us caused him to incur actual damages in the amount
of $8900.00 and attorney's fees. Davis disputed Pruneda's version of the events. According to Davis,
the $2000 credit card check represented the downpayment specified by the contract; he performed
80% of the contract work and was paid the $1000 specified by the contract; and then he learned the
$2000 check had been refused for insufficient funds. After Pruneda refused to replace the check,
Davis quit.

 The trial court found Pruneda's version of the events more credible and rendered judgment
in his favor for actual damages, additional damages for knowing violations of the Texas Deceptive
Trade Practices Act, and attorney's fees. Subsequently, the trial court signed extensive findings of
fact and conclusions of law. Davis appeals, contending the trial court's liability and damage findings
are not supported by legally or factually sufficient evidence. We disagree. If we credit Pruneda's
testimony, as the trial court obviously did, there is more than enough evidence to support the trial
court's findings. We are not permitted to substitute our credibility determination for that of the trial
court. Gomez v. Adame, 940 S.W.2d 249, 251 (Tex. App.--San Antonio 1997, no writ). We
therefore affirm the trial court's judgment in this memorandum opinion.


 Sarah B. Duncan, Justice

Do not publish