Opinion filed March 27, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 27,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00229-CV 

                                                     __________

 

                   FRANCHESCA
L. FLORES, INDIVIDUALLY AND AS 

                       NEXT
FRIEND OF KATHARINA C. CARRILLO, 

                                              A
MINOR, Appellant

 

                                                             V.

 

                                   GARLAND
MARSHALL, Appellee 

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                Trial
Court Cause No. D-119,693

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
appeal arises from a take-nothing judgment entered after a jury trial.  Appellant,
Franchesca L. Flores, sued appellee, Garland Marshall, for injuries arising
from an automobile accident.  The jury found that the accident was not caused
by appellee=s
negligence.  In a single issue, appellant challenges the factual sufficiency of
the evidence supporting the jury=s
answer.  We affirm.








                                                              Standard
of Review

If
a party is challenging a finding regarding an issue upon which that party had
the burden of proof, the moving party must demonstrate that the adverse finding
is against the Agreat
weight and preponderance of the evidence.@
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001)
(per curiam). In reviewing an issue asserting that a finding is Aagainst the great weight
and preponderance@ of
the evidence, we must consider and weigh all of the evidence and set aside the
finding only if the evidence is so weak or the finding is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong and
unjust.  Dow Chem. Co., 46 S.W.3d at 242; In re King=s Estate, 244 S.W.2d
660, 661 (Tex. 1951). When conducting a factual sufficiency review, a court of
appeals must not merely substitute its judgment for that of the trier of fact. Golden
Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003).  The trier
of fact is the sole judge of the credibility of the witnesses and the weight to
be given to their testimony.  Id.

                                                                        Analysis

Appellee
testified that the accident occurred on December 10, 2004, when he pulled out
of the parking lot of McCoy=s
on to 42nd Street in Odessa.  In order to travel west on 42nd Street, appellee
crossed  three eastbound lanes and a center turn lane to reach a westbound
lane.  The collision occurred in the inside westbound lane when appellee=s vehicle struck appellant=s vehicle.  Appellee testified
that he looked for oncoming westbound traffic prior to entering the inside
westbound lane but that he did not see appellant=s
vehicle approaching.  Appellee also testified that there were no obstructions
on the roadway that would have hampered his view of oncoming traffic.      The
occurrence of an automobile accident does not establish negligence as a matter
of law.  Rankin v. Nash-Tex. Co., 105 S.W.2d 195, 199 (Tex. 1937); Gomez
v. Adame, 940 S.W.2d 249, 252 (Tex. App.CSan
Antonio 1997, no writ).  The plaintiff has the burden of proving specific acts
of negligence on the part of the defendant and of proving that such negligence
was a proximate cause of the accident.  Gomez, 940 S.W.2d at 252. 
Whether the plaintiff succeeds in proving these elements by a preponderance of
the evidence is a matter for the jury to determine.  Id.








All
persons have the duty to maintain a proper lookout and to observe in a careful
manner the traffic and general situation while driving.  See Lynch v.
Ricketts, 314 S.W.2d 273, 275 (Tex. 1958); Gomez, 940 S.W.2d at
251.  Appellee testified that he looked for oncoming traffic prior to entering
the inside westbound lane.  In light of this evidence, it was within the jury=s province to determine if
appellee maintained a proper lookout.  After reviewing the entire record, we do
not find that the jury=s
determination is so against the great weight and preponderance of the evidence
as to be manifestly unjust.  Appellant=s
sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

March 27, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.