**Opinion issued November 17, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————————

**NO. 01-15-00034-CV**

———————————————

**D'JUNA LEBLANC, Appellant**

**V.**

**KENNETH PALMER, Appellee**

---

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Court Case No. CV1205576**

---

**MEMORANDUM OPINION**

Appellant, D'Juna LeBlanc, sued appellee, Kenneth Palmer, for negligence arising out of a car accident. At trial, the jury found that neither LeBlanc's nor Palmer's negligence proximately caused LeBlanc's injuries. As a result, the trial

court rendered a take-nothing judgment against LeBlanc. In two issues on appeal, LeBlanc argues that (1) the jury erroneously found that neither Palmer nor herself proximately caused the collision and (2) the trial court erroneously denied her motion for new trial on the issue of proximate cause.

We affirm.

## Background

LeBlanc testified that on April 9, 2010, she was driving her SUV from Dallas to Beaumont on State Highway 105 in Liberty County.[1] LeBlanc stopped at a four-way stop sign at the intersection of Highway 105 and FM 2518. She testified that Highway 105 had two lanes at that intersection: one was a left-turn lane, allowing traffic to turn left from Highway 105 onto FM 2518, and the other lane continued straight on Highway 105. She testified that when she approached the intersection, Palmer, who was driving a large logging truck, was stopped in the left-turn lane, and a white car was stopped in the lane that continued straight on Highway 105. LeBlanc stated that she stopped behind the white car. She testified that as Palmer turned left, she heard a big bang, and saw logs from Palmer's truck scraping along the side of her SUV. She stated that one of the logs crashed

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas to this Court pursuant to its docket-equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

through her rear driver's side window, lifted the back end of her SUV, and dropped her SUV back onto the road. LeBlanc testified that she started honking her horn, and she followed Palmer through the intersection until he stopped so they could exchange information. LeBlanc did not visit a hospital on the day of the collision, but she did go to the hospital when she returned to Dallas, and she ultimately had surgery on her back.

LeBlanc called Palmer as a witness, and he testified on direct examination that he had stopped in the left-turn lane on Highway 105 to turn onto FM 2518. He did not see LeBlanc's vehicle prior to starting his turn onto FM 2518. He acknowledged that when he turned left, logs from his truck "came into" LeBlanc's lane and hit her vehicle. Palmer stated that since this incident occurred, he "pull[s] farther out in the intersection before [he] start[s] turning." He agreed with LeBlanc's counsel that since the collision, he has "become more cautious and [he] look[s] more."

On cross-examination by his own counsel, Palmer testified that he has made a left-turn at that particular intersection approximately fifty or sixty times "at least" and the occasion at issue in this case is the only instance in which a similar incident has occurred. He stated that on the day of the incident there was no traffic in front of him as he approached the intersection with FM 2518. As he pulled to a stop in the left-turn lane, a Wal-Mart truck pulled up next to him in the lane that

continued straight on Highway 105. Palmer testified that he waited for the Wal-Mart truck to pull away from the stop sign before he started his left turn. Palmer stated that he was traveling at a slow speed in first gear as he made his turn. After he straightened out his truck on FM 2518, he heard honking behind him and pulled over, where he then spoke with LeBlanc. Palmer testified that LeBlanc told him that she did not "feel anything" when a log from his truck made contact with her vehicle. He also testified that he had the following exchange with LeBlanc:

[Palmer's counsel]: [D]id [LeBlanc] make any comments to you about seeing you and seeing you making your turn?

[Palmer]: Yes. She said—I asked her where she was at. She said, "I was behind the truck."

I said, "Did you see me making my turn?"

She said, "Yes."

I said, "Why didn't you just wait a second?"

She said, "I thought I moved over far enough." She said, "I guess I didn't."

Question Number One in the jury charge defined "negligence," "ordinary care," and "proximate cause" and asked the jury, "Did the negligence, if any, of the persons named below proximately cause the occurrence in question?" The jury answered "no" for both LeBlanc and Palmer and thus did not answer any further questions in the charge. The trial court subsequently entered a take-nothing judgment against LeBlanc.

4

LeBlanc then moved for a new trial, arguing that the evidence was factually insufficient to support the jury's finding that neither party was responsible for the collision. Specifically, LeBlanc argued that "[t]he jury found against the overwhelming weight of the evidence that [she] failed to prove that Mr. Palmer was negligent and his negligence was the proximate cause of this accident." The trial court denied LeBlanc's motion for new trial, and this appeal followed.

**Sufficiency of the Evidence**

In her first issue, LeBlanc contends that the jury's finding that neither she nor Palmer was the proximate cause of the collision at issue was against the great weight and preponderance of the evidence. In her second issue, she argues that the trial court erroneously denied her motion for new trial on the question of proximate cause.

### A.    *Standard of Review*

In a factual sufficiency review, we consider and weigh all of the evidence. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Arias v. Brookstone, L.P.*, 265 S.W.3d 459, 468 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). When the appellant challenges an adverse finding on an issue on which she had the burden of proof at trial, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); *Reliant*

*Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 782 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The jury is the sole judge of the witnesses' credibility, and it may choose to believe one witness over another. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). We may not substitute our judgment for that of the jury. *Id.* "Because it is the jury's province to resolve conflicting evidence, we must assume that jurors resolved all conflicts in accordance with their verdict." *Figueroa v. Davis*, 318 S.W.3d 53, 60 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

## B.    *Evidence of Negligence*

"Negligence actions in Texas require 'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)). Proximate cause is composed of both cause in fact and foreseeability. *Love*, 92 S.W.3d at 454. Cause in fact requires proof "that an act or omission was a substantial factor in bringing about injury which would not otherwise have occurred." *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995). Foreseeability exists when "the actor as a person of ordinary intelligence should have anticipated the dangers his negligent act creates for others." *Love*, 92 S.W.3d at 454 (quoting *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex. 1987)).

The mere occurrence of a collision does not establish negligence as a matter of law. *Gomez v. Adame*, 940 S.W.2d 249, 252 (Tex. App.—San Antonio 1997, no writ) (citing *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1989, writ denied)); *see also Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("The occurrence of an accident or a collision is not of itself evidence of negligence."). Instead, the plaintiff bears the burden to prove specific acts of negligence on the part of the defendant-driver and that those acts of negligence proximately caused the occurrence. *Gomez*, 940 S.W.2d at 252. "All persons have the duty to maintain a proper lookout and to observe in a careful manner the traffic and general situation at and in the vicinity of an intersection." *Id.* at 251 (citing *Lynch v. Ricketts*, 314 S.W.2d 273, 275 (Tex. 1958)). Whether the plaintiff has proved negligence and proximate cause by a preponderance of the evidence is within the province of the jury to determine. *Id.* at 252.

Here, LeBlanc and Palmer presented conflicting accounts of how the collision in question occurred. LeBlanc testified that as she approached the stop sign at the intersection of Highway 105 and FM 2518, the logging truck driven by Palmer was stopped in the left-turn lane preparing to turn onto FM 2518, and a white car was stopped in the lane that continued straight on Highway 105. LeBlanc pulled to a stop behind the white car. She waited at the stop sign, and as

7

Palmer turned left, she heard a loud bang, and logs from Palmer's truck scraped along the side of her SUV and crashed through her rear driver's side window, lifting her SUV up off the ground.

Palmer did not dispute that the collision occurred or that logs from his truck made contact with LeBlanc's SUV. He did, however, testify that there was no traffic waiting at the intersection when he pulled up to the stop sign in the left-turn lane of Highway 105. As he came to a stop, a Wal-Mart truck pulled up to the stop sign in the lane that continued straight on Highway 105. Palmer waited for the Wal-Mart truck to pull away from the intersection before he started his turn onto FM 2518. He testified that he was traveling slowly and in first gear through the turn. After he completed the turn, he heard honking and discovered that one of the logs from his truck had made contact with LeBlanc's vehicle during the turn. Palmer testified that he and LeBlanc exchanged information and had the following conversation:

> [Palmer's counsel]: [D]id [LeBlanc] make any comments to you about seeing you and seeing you making your turn?
>
> [Palmer]: Yes. She said—I asked her where she was at. She said, "I was behind the truck."
>
> I said, "Did you see me making my turn?"
>
> She said, "Yes."
>
> I said, "Why didn't you just wait a second?"

8

She said, "I thought I moved over far enough." She said, "I guess I didn't."

The charge asked the jury, "Did the negligence, if any, of the persons named below proximately cause the occurrence in question?" The jury answered "no" for both Palmer and LeBlanc.

On appeal, Palmer acknowledges that the record contains sufficient evidence such that the jury could have found him negligent. However, the record also contains evidence—namely, Palmer's testimony that LeBlanc told him that she saw him turning onto FM 2518, that she "thought [that she had] moved over far enough" to clear the logs on his truck, and that she did not wait for him to complete his turn before proceeding through the intersection, leading to the collision—that Palmer was not negligent in causing the occurrence. *See Risinger v. Shuemaker*, 160 S.W.3d 84, 90–91 (Tex. App.—Tyler 2004, pet. denied) ("Although there was sufficient evidence to support a jury finding that Shuemaker was negligent on the day in question by failing to keep a proper lookout or driving inattentively, the evidence also supports the finding that he was not negligent."); *see also Mayes v. Stewart*, 11 S.W.3d 440, 451 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("Because the appellate court is not the fact finder, it may not substitute its own judgment for that of the trier of fact, even if a different answer could be reached on the evidence.").

LeBlanc and Palmer were the only witnesses who testified concerning the circumstances of the collision itself. The jury, as the fact finder, was the sole judge of the credibility of the witnesses, and it had the power to believe one witness over another. *See Golden Eagle Archery*, 116 S.W.3d at 761. It is within the province of the jury to resolve conflicts in the evidence, and we therefore assume that the jurors resolved all such conflicts in favor of their verdict. *Figueroa*, 318 S.W.3d at 60.

LeBlanc cites this Court's 1959 decision in *Carrico v. Busby* for the proposition that the jury in this case did not have the right to disbelieve Palmer's testimony admitting to the accident and conclude that no party caused the accident. *See* 325 S.W.2d 413, 418 (Tex. Civ. App.—Houston [1st Dist.] 1959, writ ref'd n.r.e.). In *Carrico*, the plaintiff was a passenger sitting in the rear of a vehicle that was rear-ended by the defendant. *Id.* at 414. The jury found the defendant not negligent and that the collision was "the result of an unavoidable accident." *Id.* This Court concluded that the jury's findings were so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust, reasoning:

> Appellee drove his car into the rear of the Beaulieu car [in which Carrico was a passenger] in broad daylight. There is nothing to account for the collision other than the negligence of appellee in the particulars submitted in said [i]ssues. Appellee admitted that the accident would not have happened had he been watching a little closer, and *the undisputed evidence* shows he followed the Beaulieu car too closely and failed to make timely application of his brakes.

10

*Id.* at 415 (emphasis added). LeBlanc argues that, as in *Carrico*, in this case, "there is nothing to account for the collision other than the negligence of Kenneth Palmer," who "admitted he did not maintain a proper lookout when he admitted he did not see [LeBlanc] located in [the] lane directly next to him."

Here, however, unlike in *Carrico*, Palmer presented a conflicting account of the collision from LeBlanc, including testimony that LeBlanc told him after the collision that she saw his truck but decided to proceed through the intersection instead of waiting for him to complete his turn because she thought she had enough room to clear the intersection without making contact with his truck. Numerous cases since *Carrico* have held that when the jury is presented with conflicting testimony concerning the cause of a collision and finds that neither party's negligence proximately caused the collision, the appellate court may not substitute its judgment for the jury's and hold that the finding of no negligence is against the great weight and preponderance of the evidence. *See, e.g.*, *Risinger*, 160 S.W.3d at 90–91; *Gomez*, 940 S.W.2d at 252; *Smith*, 774 S.W.2d at 414; *see also Till*, 10 S.W.3d at 733 ("While it is true [the defendant] admitted she misjudged the distance due to the overhang on the door, this admission, in and of itself, does not constitute negligence.").

When we consider all of the testimony, as we must when conducting a factual sufficiency review, we conclude that the jury's verdict, in which it found

that neither Palmer nor LeBlanc committed negligence that proximately caused the occurrence in question, was not so against the great weight and preponderance of the evidence such that it was manifestly unjust. *See Francis*, 46 S.W.3d at 242. It was well within the jury's province to credit Palmer's testimony and find that neither party acted unreasonably or failed to use ordinary care. *See Risinger*, 160 S.W.3d at 91 ("The jury chose to believe Shuemaker's version of the events that occurred prior to the collision and determined that he did not fail to use ordinary care under the same or similar circumstances."); *DeLeon v. Pickens*, 933 S.W.2d 286, 290 (Tex. App.—Corpus Christi 1996, writ denied) ("In the face of two different interpretations of the accident, we will not construe the jury's conclusion to be manifestly unjust."); *Smith*, 774 S.W.2d at 414 (upholding jury verdict finding no negligence on part of either plaintiff or defendant drivers when parties presented conflicting testimony concerning how fast defendant was driving, whether he made safe lane change, whether plaintiff's brake lights were on, and how much warning plaintiff gave that she intended to turn).

We therefore hold that factually sufficient evidence supported the jury's determination that Palmer did not proximately cause the collision in question, and, therefore, the trial court did not err in denying LeBlanc's motion for new trial on the issue of proximate cause.

We overrule LeBlanc's first and second issues.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.