**Reversed and Remanded and Majority and Dissenting Opinions filed April 2, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00900-CV

---

## LISSA WHYTE DOUGLAS, Appellant

## V.

## MARIA DEL CARMEN AGUILAR, Appellee

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2016-36005**

---

### MAJORITY OPINION

Appellant Lissa Whyte Douglas appeals the judgment in this automobile accident case. In a single issue on appeal Douglas contends the trial court erred when it granted appellee Maria Del Carmen Aguilar's motion for directed verdict on the issue of negligence. Concluding the trial court erred in granting the motion for directed verdict we reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Douglas, a child therapist, was traveling to a client's house and was driving on the highway when she tried to change from the left lane to the right lane. Douglas started to change lanes, checked her rearview mirror and both side mirrors, activated her turn signal, and began to move lanes. Douglas did not see another vehicle when she checked her mirrors. When Douglas started to move lanes, she hit the car next to her, which was driven by Aguilar.

Both cars pulled over and the drivers got out of their cars and exchanged information. Douglas apologized to Aguilar and offered to pay for the damage to Aguilar's car. Aguilar said she did not want to call law enforcement and agreed to get an estimate from a mechanic recommended by Douglas. The accident occurred on a Friday.

On Wednesday following the Friday accident Douglas phoned Aguilar to check on her well-being and ask if Aguilar had gotten an estimate from the mechanic. Aguilar told Douglas she was fine and did not report any injuries but had not yet contacted the mechanic.

Aguilar testified that she was driving on the freeway on the day of the accident and felt a hard impact on the left side of her car. The person who hit her eventually pulled over and Aguilar spoke with her. Aguilar testified that Douglas admitted she was at fault in the accident. Aguilar went home after the accident even though she felt pain. Aguilar testified that she did not fully understand Douglas's phone calls and felt pressured due to the misunderstanding. As a result of the accident Aguilar felt pain in her head, neck, and shoulder.

Three days later when the pain did not dissipate Aguilar went to Dr. Paul Marullo. The therapy that Marullo prescribed temporarily relieved the pain. When

2

Aguilar was discharged from therapy, she felt better but was not pain free.

Dr. Marullo, a chiropractor, testified that Aguilar came to him complaining of neck pain, headaches, and pain radiating to the trapezius muscles on her left side. After examination and testing Marullo diagnosed Aguilar with cervical radiculitis, which he described as radiating pain and muscle spasms. Marullo recommended physical therapy, specifically stretches and exercises to rehabilitate the soft-tissue damage. Upon discharge Aguilar's prognosis was good and Marullo expected her to recover. Marullo testified that he believed the auto accident was the cause of Aguilar's injuries.

After both sides rested, Aguilar argued that Douglas had taken responsibility for the accident and requested a directed verdict on the issue of negligence. The trial court granted Aguilar's motion and had the charge prepared with a "yes" answer filled into the question of whether Douglas's negligence was the proximate cause of the accident. In a single issue, Douglas challenges the trial court's grant of a directed verdict in Aguilar's favor.

### ANALYSIS

**The trial court erred in granting Aguilar's directed verdict**.

**A.      Standard of review and applicable law**

A directed verdict is warranted when the evidence is such that no other verdict can be rendered and the moving party is entitled, as a matter of law, to judgment. *Tanglewood Homes Ass'n v. Feldman*, 436 S.W.3d 48, 66 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). When reviewing a directed verdict, an appellate court views the evidence in the light most favorable to the party against whom the verdict was rendered. *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex. 1994) (per curiam). When reviewing a directed verdict on a legal issue, we consider all the

3

evidence presented at trial, viewing it in the losing party's favor as much as the record allows. *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996); *Eurecat US, Inc. v. Marklund*, 527 S.W.3d 367, 387 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

To prevail on her negligence cause of action against Douglas, Aguilar had to establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). To establish breach of duty, the plaintiff must show either that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under the particular circumstances or that the defendant failed to do something that an ordinarily prudent person would have done in the exercise of ordinary care. *Mata v. Coastal Agric. Supply, Inc.*, No. 01-17-00509-CV, 2018 WL 3150869, at *2 (Tex. App.—Houston [1st Dist.] June 28, 2018, no pet.) (mem. op.).

The occurrence of an accident or a collision is not of itself evidence of negligence. *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Under Texas law, all persons have the duty to maintain a proper lookout and to observe in a careful manner the traffic and general situation at and in the vicinity of an intersection. *Gomez v. Adame*, 940 S.W.2d 249, 251 (Tex. App.—San Antonio 1997, no writ); *see also Lynch v. Ricketts*, 314 S.W.2d 273, 275 (Tex. 1958). A driver's failure to yield the right-of-way does not give rise to negligence as a matter of law. *Mata*, 2018 WL 3150869, at *6. Instead, a party must prove "specific acts" of negligence, which "is generally a question of fact for the jury to determine." *Gomez*, 940 S.W.2d at 252; *Dedear v. James*, 184 S.W.2d 319, 321 (Tex. Civ. App.—Austin 1944, writ ref'd w.o.m.). Indeed, "when evidence shows that the driver exercised some care, 'it becomes an issue of fact as to whether the driver's conduct was negligent.'" *Mata*, 2018 WL 3150869, at *6 (quoting *County of Dallas v. Poston*, 104 S.W.3d 719, 723 (Tex.

4

App.—Dallas 2003, no pet.)); *see also Waring v. Wommack*, 945 S.W.2d 889, 894 (Tex. App.—Austin 1997, no writ).

**B.      Douglas did not admit negligence as a matter of law**.

At trial, Douglas testified as follows:

Q. Ms. Douglas, you would agree with me that as a driver on the road, you owe a duty to drive safe?

A. Absolutely.

Q. And that as a part of that duty, it entails making sure that you check your surroundings before checking – changing lanes?

A. And in this case I did that, sir.

Q. You indicated you did that, ma'am? Is it your testimony today is that you checked your surroundings?

A. Yes, I did.

*****

Q. So Ms. – Ms. Douglas, to clarify something, you are not claiming Ms. Aguilar is at fault, are you?

A. I thought that my attorney made that clear that I am not disputing my responsibility in the accident at all. It was my responsibility. I had an accident. I made a mistake.

Q. So you take responsibility for what happened?

A. Absolutely.

*****

Q. Ms. Douglas, just to clarify something about the accident. Maybe I am confused but you stated that you checked to your sides and your mirrors before changing lanes?

A. Yes.

Q. But you still hit the car to your right?

A. Yes.

Q. So would that mean that you then didn't properly check your – to your right?

A. I don't think it necessarily meant that because I did check properly to my right. I think that she suddenly just appeared there.

Q. You are not claiming that – that's some sort of act of God, are you?

A. I am not claiming that I am not responsible for the accident.

In the context of this case, "negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. *See 20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008). While it is undisputed that Douglas hit Aguilar as she changed lanes, a driver's failure to yield the right-of-way does not give rise to negligence as a matter of law. *Canales v. Womack*, No. 01-07-00222-CV, 2008 WL 2388132, at *2 (Tex. App.—Houston [1st Dist.] June 12, 2008, no pet.) (mem. op.). Instead, where there is evidence that the driver exercised some care, the jury determines whether a reasonably prudent driver would have acted in the same way. *Id.*

Here, Douglas testified that she checked her surroundings and looked in her mirrors before she changed lanes but did not see Aguilar's car before she moved over. There is some evidence that Douglas did what a person of ordinary prudence would have done under the same or similar circumstances. The jury could have reasonably believed that despite Douglas's acceptance of responsibility she drove in a reasonable manner and did not act negligently. The jury could have also reasonably believed that Douglas did not drive responsibly and was negligent in failing to yield the right-of-way. This question was one for the jury and was not established as a matter of law. *See Mata*, 2018 WL 3150869, at *6; *Canales*, 2008 WL 2388132, at *2.

Aguilar argues that the trial court properly granted a directed verdict because (1) there was no probative evidence that Douglas exercised a degree of care and (2)

6

Douglas did not contest liability at trial. First, the testimony cited above is some evidence that Douglas exercised a degree of care. Douglas testified that she checked her surroundings before she attempted to change lanes.

Second, with regard to contesting liability, Douglas filed a general denial to Aguilar's petition. Douglas, therefore, contested liability by filing a general denial. *See* Tex. R. Civ. P. 92. Appellee argues that Douglas did not assert an affirmative defense or claim that Aguilar was at fault for the accident. Douglas was not required to assert an affirmative defense of contributory negligence to deny that she was negligent. *See Davis v. Manning*, 847 S.W.2d 446, 449 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("there is no such affirmative defense as 'lack of negligence.'"). If a party files a general denial in the trial court, that pleading puts a plaintiff to his or her proof on all issues, including liability. *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001).

The evidence in this case was not such that no other verdict on negligence could be rendered. Aguilar was not entitled, as a matter of law, to a finding of negligence. The trial court, therefore, erred in removing the decision on negligence from the jury and directing a verdict in favor of Aguilar. We sustain Douglas's sole issue on appeal.

## CONCLUSION

The trial evidence did not prove as a matter of law that Douglas's negligence proximately caused the accident. The trial court reversibly erred in granting Aguilar's motion for directed verdict. We sustain Douglas's sole issue on appeal, reverse the trial court's judgment, and remand the case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d).

7

/s/    Jerry Zimmerer
Justice


Panel consists of Justices Zimmerer, Spain, and Hassan (Hassan, J. dissenting).